**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EUROPE R. COLBERT,

Plaintiff,

v.

ERIC A. SPOONEY, JR. and
DEYONNA E. BASS,

Defendants.
______________________________/

Civil Action No. 26-13125

HON. DENISE PAGE HOOD

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, ORDER OF SUMMARY DISMISSAL, FINDING ANY APPEAL FRIVOLOUS, AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

## I. APPLICATION TO PROCEED WITHOUT PREPAYING FEES

Before the Court is Plaintiff Europe R. Colbert's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court summarily dismisses the Complaint.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff filed a Complaint, and thereafter an Amended Complaint against Defendants Eric A. Spooney, Jr. and Deyonna E. Bass alleging: a violation under the Federal Wiretap Act, 18 U.S.C. §§ 2511 and 2520 (Count I); Defemation and

Defamation Per Se (Count II); False Light Invasion of Privacy (Count III); Public Disclosure of Private Facts (Count IV); Misappropriation of Likeness and Experiences (Count V); Intentional Infliction of Emotional Distress (Count VI); and Assault and Battery (Count VII). (ECF No. 7) Plaintiff alleges:

> 4. At all relevant times, Plaintiff, Defendant Eric A. Spooney Jr., and Defendant Deyonna E. Bass shared a mutual workplace location.
> 5. At all relevant times, Plaintiff and Defendant Eric A. Spooney Jr. were involved in a personal relationship beginning in approximately June 2023 and continuing through approximately June 2024.
> 6. During the relationship, Defendant Eric A. Spooney Jr. gained access to and knowledge of Plaintiff's private digital communications, confidential information, pregnancy-related details, medical circumstances, and personal history.
>
> * * *
>
> 11. Plaintiff and Defendant Eric A. Spooney, Jr. were involved in a personal relationship from approximately June 2023 through June 2024.
> 12. On or about November 21, 2024, Plaintiff informed Defendant Eric A. Spooney Jr. of her pregnancy.
> 13. Defendant Eric A. Spooney Jr. subsequently and maliciously published false statements to third parties and coworkers claiming that Plaintiff was lying about her pregnancy, falsely denying paternity and knowledge of the pregnancy, and spreading false rumors that Plaintiff fabricated the pregnancy.
> 14. Defendants intentionally intercepted, captured, accessed, or procured Plaintiff's private electronic communications, digital messages, or oral communications without authorization.
> 15. Defendants intentionally disclosed, shared, or commercialized Plaintiff's private intercepted communications and life details with unauthorized third parties and media entities without authorization.
> 16. Plaintiff alleges that entertainment productions, including productions titled "Too Little Too Late" and "Blood Is Thicker Than Water," contain circumstances, private communications, and events substantially similar to Plaintiff's personal experiences.

> 17. Defendants profited directly or indirectly from the unauthorized disclosure and commercialization of Plaintiff's private information.
> 18. Defendant Eric A. Spooney Jr. and Defendant Deyonna E. Bass maliciously published and spread false rumors and unprivileged statements concerning Plaintiff to coworkers, supervisors, and third parties at the secondary workplace location where all three parties worked.
> 19. Defendants published false statements to third parties and law enforcement, including false accusations that Plaintiff stalked Defendant Eric A. Spooney Jr. and damaged his vehicle.
> 20. Defendants' actions caused false rumors to spread at Plaintiff's workplace and throughout her community regarding Plaintiff's personal life, including false rumors that Plaintiff was deceased.

ECF No. 7, PageID.16-17.

## II. FAILURE TO STATE A CLAIM

The Federal Wiretapping Act is subject to a two-year statute of limitations, commencing from "the date upon which the claimant first ha[d] a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e); *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020). Plaintiff's Complaint alleges that she and Defendant Spooney were "in a personal relationship beginning in approximately June 2023 and continuing through approximately June 2024". ECF No. 1, PageID.3. She specifically states that "*[d]uring* the relationship, Defendant Eric A. Spooney Jr. gained access to and knowledge of Plaintiff's private digital communications, confidential information, pregnancy-related details, medical circumstances, and personal history." *Id.* (italics added). Based on Plaintiff's own allegation, *June 2024* would be the latest date Defendant Spooney would have accessed her private digital

communications and confidential information. The Complaint was filed on August 31, 2026, beyond the two-year statute of limitations.

In addition, the Court finds Plaintiff has failed to state a claim upon which relief may be granted under the Federal Wiretap Act. 18 U.S.C. § 2511 reads as follows:

> (1) Except as otherwise specifically provided in this chapter[,] any person who—(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished [by a fine or by imprisonment.]

18 U.S.C. § 2511(1)(a). Section 2511 criminalizes the intentional interception of an electronic communication. A separate section of the Wiretap Act then provides a private cause of action for persons who are victimized by such criminal conduct:

> (a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). Plaintiff claims that Defendants violated § 2511 by "intercepting" her communications, and because her communications were so intercepted, she has the right under § 2520 to pursue a private cause of action for that violation. An "intercept" for purposes of the Wiretap Act is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18

U.S.C. § 2510(4). The Sixth Circuit has held that "in order for an 'intercept' to occur for purposes of the Wiretap Act, the electronic communication at issue must be acquired contemporaneously with the transmission of that communication." *Luis v. Zang*, 833 F.3d 619, 629 (6th Cir. 2016).

Congress made a distinction between "electronic communications and "electronic storage" under the Electronic Communications Privacy Act (ECPA) in 1986l. "Electronic communications" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system." 18 U.S.C. § 2510(12). In contrast, "electronic storage" is defined as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof," and "(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." *Id.* § 2510(17). As noted above, the term "intercept" in the Wiretap Act applies only to "electronic communications," not to "electronic storage." *See id.* § 2510(4). The Sixth Circuit noted that,

> Applying this definition of intercept to the above-quoted definition of electronic communication thus means that the term intercept applies solely to the transfer of electronic signals. The term does not apply to the acquisition of electronic signals that are no longer being transferred. Once the transmission of the communication has ended, the communication ceases to be a communication at all. The former communication instead becomes part of "electronic storage." And at that point a person cannot "intercept" the former communication

> because the term intercept, as noted above, does not apply to electronic storage. Interception must thus occur contemporaneously with the transmission of the communication; it must, in other words, catch the communication "in flight" before the communication comes to rest and ceases to be a communication. (Citations omitted).

*Luis*, 833 F.3d at 627-28.

Reviewing Plaintiff's Amended Complaint, the Court finds there are no allegations that the interceptions of Plaintiff's communications occurred contemporaneously with the transmission of those communications. There are no facts alleged the specific communications intercepted nor the date and time the communications were intercepted. A complaint must allege facts that, when accepted as true, give rise to a reasonable inference that Defendants contemporaneously acquired the communications. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claims under the Wiretap Act must be dismissed for failure to state a claim upon which relief may be granted.

Because there remains no federal claims, the Court no longer has subject matter jurisdiction over the state law claims and declines supplemental jurisdiction over such. The state law claims are dismissed without prejudice. Plaintiff may file her state law claims before the appropriate state court.

## III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

After filing an Amended Complaint, Plaintiff seeks to file a Second Amended Complaint to add a claim against Defendants under the Stored Communications Act,

18 U.S.C. § 2701 *et seq*. The Proposed Second Amended Complaint (ECF No. 39) alleges that, "Defendants intentionally accessed without authorization, or exceeded an authorization to access, a facility through which an electronic communication service is provided, and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage." (ECF No. 39, PageID.39)

Title II of the 18 U.S.C.A. § 2701, the Electronic Communications Privacy Act, more commonly known as the Stored Communications Act ("SCA"), "regulates the disclosure of electronic communications and subscriber information." *Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001) (citing 18 U.S.C. § 2701 *et seq.*). Under the SCA, a public electronic communication service "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C.A. § 2702(a)(1). The SCA further provides a civil cause of action: "in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind." *Id.* § 2707(a). A lawsuit brought under the SCA "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C.A. § 2707 (f).

For the same reasons above under the Wiretap Act analysis, Plaintiff's claim is barred by the two-year statute of limitations as to Defendant Spooney. (ECF No.

9, PageID.30, ¶¶6-7) As to Defendant Bass, Plaintiff generally alleges in the Proposed Second Amended Complaint that, "Defendants intentionally intercepted, captured, accessed, or procured Plaintiffs private electronic communications, digital messages, or oral communications without authorization." *Id.* at PageID.31, ¶16. There are no factual allegations as to when the interceptions occurred.

In any event, the Court will not allow Plaintiff to file the Proposed Second Amended Complaint because any claim under the Stored Communications Act would be futile. In another case Plaintiff filed against a different defendant alleging a claim under the Stored Communications Act, the court ruled as follows,

> The Stored Communications Act "prohibits unauthorized access to an electronic communication while it is in 'electronic storage' in 'a facility through which an electronic communication service is provided.' " *Branden v. Branden*, No. 3:17-CV-320, 2018 WL 11303983, at *5 (E.D. Tenn. Feb. 26, 2018) (quoting 18 U.S.C. § 2701(a)). "To that end, allegations that a person simply accessed electronic communications stored on personal computers or cellular phones, without any allegation that the person obtained information from the electronic-communication service provider, fails to state a claim for violation of the Stored Communications Act." *Id.* "Instead, to state a claim for violation of the Stored Communications Act, a plaintiff must allege that the defendant accessed electronic communications stored on an electronic-communication service provider's system or server." *Id.*; *see, e.g., Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 556 (S.D.N.Y. 2008) (accessing the plaintiff's Hotmail and Gmail accounts to view stored emails would be a violation of the Stored Communications Act).
>
> Plaintiff's allegation that Defendant accessed "digital communications, electronic messages, or stored accounts" is vague and lacks the factual detail necessary to state a claim under the Stored Communications Act. If Plaintiff's allegations are that Defendant

> accessed her personal devices and found communications and electronic messages, there is no claim under the Stored Communications Act. Plaintiff does not otherwise clearly allege that Defendant accessed a service provider's system to view communications and messages there. Her vague reference to "stored accounts" without actually identifying any accounts that Defendant accessed or the manner in which he accessed them is wholly insufficient to state a claim. For this reason, the claim must be dismissed.

*Colbert v. Fells*, No. 4:26-CV-13116, 2026 WL 2930051, at *1–2 (E.D. Mich. Sept. 29, 2026). Plaintiff's allegations in the Proposed Second Amended Complaint in this case state the same vague reference and is insufficient to state a claim upon which relief may be granted. The Court denies Plaintiff's Motion for Leave to File Second Amended Complaint.

## IV. CONCLUSION AND ORDER

Accordingly, for the reasons set forth above,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is **GRANTED**.

IT IS FURTHER ORDERED that the Motion for Leave to File a Second Amended Complaint **(ECF No. 8)** is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of Orders and Restrictions on Pro Se Filings **(ECF No. 10)** is **DENIED** since there is nothing for this Cout to reconsider. This Court did not enter any such order in this case number or action. Plaintiff has not shown any authority that the undersigned is able to reconsider an order entered in another case number by another judge.

IT IS FURTHER ORDERED that this action is **DISMISSED** and **CLOSED** on the docket.

IT IS FURTHER ORDERED that the Court finds this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: November 24, 2026